UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRETT MORRISH,

           Petitioner,

vs.                             Case No. 2:07-cv-269-FtM-36SPC

SECRETARY, DEPARTMENT OF CORRECTIONS,

           Respondent.
_____

## OPINION AND ORDER

### I. Status

Petitioner Brett Morrish (hereinafter "Morrish" or "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on April 26, 2007[1] challenging his plea-based convictions for aggravated battery while wearing a mask (count 1) and armed trespass (count 2), arising out of the Twentieth Judicial Circuit, Lee County, Florida, for which he was sentenced to eighty-four (84) months imprisonment. Petition at 1.[2] The Petition sets forth the following two grounds for relief:

---

[1] The Petition (Doc. #1) was docketed and filed in this Court on April 30, 2007. The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[2] The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

> 1. Florida State Attorney committed criminal fraud and perjury by certifying under oath that they were in possession of the required sworn testimony from material witnesses on both felony informations when in fact they were not; and,
>
> 2. The felony information for which Petitioner was convicted of is fatally defective and fundamentally flawed due to fundamental error of the fraudulent certification under oath to nonexistent testimony by the Florida State Attorney.

*Id.* at 5-6. Petitioner filed a Memorandum of Law in support of his Petition (Doc. #2, Pet. Memorandum). Respondent filed a Response (Doc. #18, Response), and exhibits (Exhs. 1-10) in support of its Response. See Doc. #17, List of Exhibits (exhibits not scanned). Thereafter, after being granted an extension of time (Doc. #25), Petitioner filed a Reply to the Response (Doc. #27, Reply).[3]

## II. Procedural History

On December 29, 2003, Morrish was arrested by the Cape Coral Police Department for battery on Brian P. Yorke. Exh. 1D. On January 16, 2004, Morrish was charged in a two-count Information with: (1) Aggravated Battery With a Deadly Weapon, Fla. Stat. 784.045, a Second Degree Felony; and, (2) Armed Trespass, Fla. Stat. 810.09, a Third Degree Felony. Exh. 1E. A capias was issued and was served upon Morrish on January 18, 2004, who was already

---

[3]On December 15, 2008, Petitioner filed a Motion for Summary Judgment in this action (Doc. #34). After response by the Respondent (Doc. #39), Petitioner filed a Brief in Support of his Motion (Doc. #40). The Court deems Petitioner's Motion for Summary Judgment as a supplemental reply to Respondent's response, and will consider these additional pleadings to the extent relevant to the instant action.

incarcerated on the initial battery charges. *Id.* On April 22, 2004, an Amended Information was filed alleging that the offenses, for which Petitioner had already been charged, were committed while Morrish was masked in order to conceal his identify in violation of Fla. Stat. 775.0845. Exh. 1G. Petitioner unsuccessfully sought to dismiss the Amended Information on the grounds that the Amended Information was the result of prosecutorial vindictiveness. Exh. 1I.

On April 6, 2005, Morrish, represented by counsel, entered a negotiated *nolo contendere* plea to the offenses charged in the Amended Information. Exh. 1K. The court adjudicated Morrish guilty of the offenses as charged in the Amended Information and sentenced Morrish to concurrent sentences of 84 months on each count, with 464 days credit for time served. Exhs. 1M-1N. Morrish did not appeal his plea-based conviction.

Morrish presented both grounds raised in the instant Petition, *inter alia*,[4] to the State court in various post-conviction motions and appeals from the denials thereof. In particular, in his "Motion for Post-Conviction Relief" filed on or about May 18, 2005, Petitioner claimed that "the State Attorney's Office perjured themselves under oath in a court of law to get a felony information charge filed against [him]." Exh. 10 at ground 3. Because

---

[4]The Court need not address the other claims for relief raised by Moorish in his post conviction motions, because these grounds are not raised in the instant Petition.

Petitioner requested the State court to "defer some of the 84 month sentences that [Petitioner] was given" as his relief, the State post-conviction court treated the post-conviction motion as a motion to modify or to reduce a sentence pursuant to Florida Rule of Criminal Procedure Rule 3.800(c) and denied the motion as "facially or legally insufficient," without prejudice for Morrish to file a facially sufficient Rule 3.850 motion. Exh. 1P.

Thereafter, on June 15, 2005, Morrish filed a State writ of habeas corpus with the 14th Judicial Circuit[5] alleging that the State Attorney committed prosecutorial misconduct and fraud when he filed the information attesting that he had sworn testimony from material witnesses that did not, in fact, exist. Exh. 8. The post-conviction court dismissed the petition, without prejudice, finding that the "allegations should be raised in a motion for post-conviction relief in the Court which sentenced Petitioner and not by a petition for writ of habeas corpus." Exh. 8A. Morrish appealed the post-conviction court's dismissal, which, after a response by the State, was *per curiam* affirmed by the First District Court of Appeal. Exhs. B-D. Mandate issued on May 21, 2007. Exh. 8E.

On September 1, 2005, Petitioner filed a second "Motion for Post Conviction Relief" in the 20th Judicial Circuit and alleged:

---

[5]The 20th Judicial Circuit Court entered Petitioner's conviction and judgment.

> the State Attorney's Office acted maliciously and with such gross misconduct when they committed Fraud and Perjury F.S.A. 837.021 against the Petitioner in this case in order to prosecute him [and] that they violated his Constitutional rights to liberty and due process of law.

Exh. 1A at 10. Petitioner expressly stated that he was "NOT attacking the effectiveness of assistance of counsel or an illegal sentence, but [sic] a direct attack on the prosecution of the State Attorney's Office and the validity of the formal charges that will [sic] filed against him." *Id.* (emphasis in original). As relief, Petitioner requested that the court immediately vacate his sentence and release him from jail. *Id.* at 15. The State refuted Petitioner's claim that the State Attorney had fraudulently relied upon unsworn witnesses' statements to file the felony information. In support, the State attached the "Arrest/Notice to Appear," which was issued by the Cape Coral Police Department on December 30, 2003, wherein "Officer Paul Kaye obtained sworn written statements from Beth and Heather Morrish [Petitioner's minor children], who witnessed Defendant's attack on Brian Yorke at Yorke's residence." Exh. 1C at 2; Exhs. D-E. The State pointed out that both statements were attested to by Officer Kaye and signed by the minor declarants on December 29, 2003, the date of the attack on Yorke. *Id.* Further, the State noted that the charges against Morrish were filed by felony information with capias, which was served on Morrish on January 18, 2004. *Id.* The State further argued that Petitioner was barred from raising a claim of prosecutorial

-5-

misconduct because Morrish had entered a no-contest plea and he did not specifically reserve the right to appeal this issue, and the claim did not otherwise fall into one of the exceptions subject to appellate review. Exh. 1C at 2. The post conviction trial court summarily denied Petitioner's motion finding that Petitioner's "allegations are improperly raised in a 3.850 motion." Exh. 1T. Petitioner, after being granted a belated appeal, raised five issues on appeal, including the two issues raised herein. Exhs. 4-5. On February 28, 2007, the appellate court, without directing a response by the State, affirmed the post conviction court's summary denial of Petitioner's motion. *Morrish v. State*, 950 So. 2d 1245 (Fla 2d DCA 2007); Exh. 6. Mandate issued on March 21, 2007. Exh. 7.

### III. Applicable Law

Petitioner filed his timely[6] Petition on April 26, 2007. Thus, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action. *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001). Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. *Stewart v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007)(citation omitted). AEDPA altered the

---

[6]Respondent submits that the Petition is timely filed due to equitable tolling. Response at 9, n. 4. The Court agrees.

federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

**A.   Federal Question**

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States."  28 U.S.C. § 2254(a).  Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution.  *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted). Although the determination of whether a constitutional decision of the Supreme Court is a matter of federal law, "[w]hen questions of state law

are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." *Danforth v. Minnesota*, 128 S. Ct. 1029, 1048 (2008).

**B.   Deference to State Court Decision**

A federal court must afford a high level of deference to the state court's decision. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Blankenship v. Hall*, 542 F.3d 1253, 1271 (11th Cir. 2008); *Ferguson*, 527 F.3d at 1146; *Wright v. Sec'y Dep't of Corr.*, 278 F.3d 1245, 1253-54 (11th Cir. 2002).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74

(2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. *Brown*, 544 U.S. at 141; *Mitchell*, 540 U.S. at 15-16. It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." *Early v. Parker*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application"

inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted), *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Mitchell*, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. *Yarborough v. Alvarado*, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Henderson*, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001) (citation omitted).

**C. Evidentiary Hearing**

After careful review of the record, the Court concludes no evidentiary proceedings are required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)("It follows that if the record refutes the applicant's factual allegations or otherwise precludes

habeas relief, a district court is not required to hold an evidentiary hearing."). Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 550 U.S. at 474; *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

**IV. Findings of Fact and Conclusions of Law**

**A. Waiver Due to Plea**

It is well established that the entry of a guilty plea waives a multitude of federal constitutional rights, including the privilege against compulsory self-incrimination, the right of confrontation, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (stating "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also Tiemans v. U.S.*, 724 F.2d 928, 929 (11th Cir. 1984). A very narrow exception to the general waiver rule is where the government has no power to prosecute a defendant, in that the court does not have jurisdiction

to adjudicate the case. *See U.S. v. Broce*, 488 U.S. 563, 574-75 (1989); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (finding "a guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process.").

The entry of a plea of *nolo contendere*, <u>i.e.</u> a no contest plea, which is what Petitioner entered, has the same legal effect in a criminal proceeding as a plea of guilty. *Hudson v. United States*, 272 U.S. 451, 455 (1926) (stating that a plea of *nolo contendere* is, like a plea of guilty, an admission of guilt for purposes of the case); *Williams v. Wainwright*, 604 F.2d 404, 407 (5th Cir. 1979)(holding that a plea of *nolo contendere* waives all nonjurisdictional defects)[7]; *Vinson v. State*, 345 So. 2d 711, 715 (Fla. 1977). Thus, only challenges to the voluntariness and intelligent entry of a guilty plea can be advanced on appeal. *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991). *See also Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

Here, Petitioner does not contest the voluntary and knowing nature of his plea. Instead, Petitioner contends that the statements made by the minor witnesses were not "taken under oath." Thus, Petitioner argues that the State attorney certification that

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the State was in possession of "sworn statements" was fraudulent. Petitioner next asserts that, because the information under which Petitioner was charged was fatally defective in that it contained fraudulent representations by the prosecutor, the court could not have convicted Petitioner of the charges set forth in the information. Admittedly, certain errors in a charging document may be jurisdictional. For example, a trial court fails to have jurisdiction where the charging document completely fails to charge a crime. *U.S. v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980). However, not all defects in a charging document, like an indictment or information, are jurisdictional. *U.S. v. Cotton*, 535 U.S. 625, 631 (2002). Here, the issue of whether or not the minor witness statements were made under oath, is not jurisdictional. The Court finds that neither of the grounds for relief affect the trial court's jurisdiction. Consequently, both grounds are waived by Petitioner's no contest plea.

**B.   Claims Fail to Raise a Federal Issue**

Alternatively, the sufficiency of the amended information is not a matter for federal habeas review unless the information is "so deficient" as to deprive the trial court of jurisdiction. *Heath v. Jones*, 863 F.3d 815, 821 (11th Cir. 1989); *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969). An examination of the amended information incorporates the elements of the two offenses charged as stated under the Florida statute (count I-aggravated

battery with a deadly weapon while masked, and count II- armed trespass while masked); names the complaining parties (Brian Yorke in count I and Marlin Morrish-Taylor and/or Brian Yorke in count II), and it sufficiently describes the circumstances of each offense charged. *See generally* Exh. 1G. Thus, the amended information adequately apprised Petitioner of the offenses for which he was charged and was required to defend, and did not deprive the State trial court of jurisdiction. Consequently, although couched in constitutional terms, the claims fail to raise a federal habeas issue and must be dismissed.

### C. **Claims Are Procedurally Barred**

Further, as noted in the procedural history set forth above, Petitioner did not raise a claim concerning the sufficiency of the information or the amended information, prior to entering his no contest plea or on direct appeal below. Thus, Petitioner's claims are procedurally barred.

In Florida, claims challenging the technical sufficiency of an information are properly raised prior to a plea, or before the State rests its case, and then on direct appeal. *State v. Strickler*, 712 So.2d 1218, 1219 (2d DCA 1998); *T.C.E. v. State*, 965 So. 2d 338, 339 (5th DCA 2007); *Ford v. State*, 802 So.2d 1121, 1130 (Fla. 20010); *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008). Florida Rule of Criminal Procedure 3.190(c) provides that a defendant "shall move to dismiss the indictment or information

either before or at arraignment," otherwise the claim is deemed waived. Similarly, Florida Rule of Criminal Procedure 3.140(g) provides that no objections as to the verification of an information "shall be entertained after the defendant pleads to the merits." *See also*, *Jenkins v. State*, 6 So. 3d 71 (Fla. 3d DCA, 2008). Only claims that allege an information is "fatally defective" in that it fails to allege one or more of the essential elements of the crime charged, may be brought at any time. *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983).

As a general rule, a state procedural bar is honored in federal habeas. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991)("The [adequate and independent state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."). There are two ways that a procedural bar may be lifted. *See Mize v. Hall,* 532 F.3d 1184, 1190 (11th Cir. 2008). First, defaulted claims can be reviewed if the petitioner shows adequate cause excusing the default and actual prejudice arising from it. *See Dretke v. Haley,* 541 U.S. 386, 392-93 (2004). Second, a petitioner can avoid a state procedural bar if he establishes that application of the bar would cause "a fundamental miscarriage of justice." *McCleskey v. Zant,* 499 U.S. 467, 494 (1991).

Here, Petitioner does not allege that the information is fatally defective because it failed to allege an essential element of the claim.[8] The Florida post-conviction trial court consistently ruled that Morrish had insufficiently pleaded his claims of fraud stemming from the information and amended information. The Florida appellate court agreed that Petitioner's claims were insufficiently raised in his post-conviction motions. The State has consistently pressed its procedural bar defense to this claim, and the Court finds no reason to disturb the state courts' procedural bar. Morrish has not established either the "cause and prejudice" or the "fundamental miscarriage of justice" exception. Accordingly, in the alternative, federal habeas review of this claim is barred. *See Herring v. Sec'y, Dep't of Corr.,* 397 F.3d 1338, 1353 (11th Cir. 2005) (stating a petitioner's failure to address a procedural bar holding waives any argument against it).

Accordingly, it is now

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED with prejudice**.

---

[8]Petitioner filed a motion to dismiss the amended information on the grounds of prosecutorial misconduct and vindictiveness, not on the same grounds raised in the Petition. In particular, Petitioner argued that the prosecutor amended the information to reflect that Petition was wearing a mask at the time of the offense because Petitioner refused to accept the State's plea offer. Exh. 1I. The trial court denied the motion. *Id.*

2. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a

certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 22nd day of June, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: hmk
Copies: All Parties of Record